IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN MCQUIGG and
SHARON MCQUIGG,

    Plaintiffs,

v.                                                                                                          Civ. No. 05-0091 RLP/WDS

COLORADO CASUALTY
INSURANCE COMPANY,

    Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on cross-motions for summary judgment, filed pursuant to Fed.R.Civ.P. 56. The case was removed from state court on the basis of diversity jurisdiction. Plaintiffs are citizens of Texas and the defendant is a Colorado corporation. The amount in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 U.S.C. § 1332.

The issue before the court involves construction of an insurance policy. "'The obligation of the insurer is a question of contract law and will be determined by reference to the terms of the insurance policy.'" *Western Heritage Ins. Co. v. Chava Trucking, Inc.*, 991 f.2d 651, 654 (10th Cir. 1993) (quoting *Knowles v. United Serrvs. Auto. Ass'n*, 832 P.2d 394, 396 (N.M. 1992)). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 319, 323 (1986); Fed.R.Civ.P. 56(c).

The material facts are undisputed. Plaintiffs' home was totally destroyed by a fire on January 10, 2004. A policy of insurance was in effect at the time, issued by Colorado

Casualty Insurance Company (the "Company").  The policy in question contains the following provisions:

> A. . . . In the event of loss to a residential building insured under Coverage A or Coverage B, we will pay the cost to repair or replace, after application of deductible and without deduction for depreciation, but not more than the least of the following amounts:
>
> a. The applicable Limit of Insurance;
> b. The cost to replace the damaged part of the structure with equivalent construction for use on the same premises; or
> c. The amount actually and necessarily spent to repair or replace the structure.
>
> 2. When the actual cost to repair or replace the damage is both:
>
> a. More than 5% of the applicable Limit of Insurance on the damaged residential building; and
> b. More than $1,000;
>
> we will pay, subject to the Limit of Insurance no more than the actual cash value of the damaged residential building until the actual repair or replacement is complete.

Exhibit G to Plaintiffs' Memorandum in Support of Motion for Summary Judgment.

The policy provided coverage up to $133,350 for the loss of the dwelling, including debris removal.  Plaintiffs purchased a second home for $64,000 in Texas.  The Company paid Plaintiffs $101,919.80 under the policy.  This amount was derived from the following calculation:  

```
$160,037.48 Replacement Cost Value
-  57,618.48 Depreciation
$102,419.00 Actual Cash Value
-     500.00 deductible
$101,919.00 Payment to Plaintiffs
```

In reaching this sum, the Company applied the provisions of ¶ A(2)(a)-(b) quoted

above: the amount of damage was both more than 5% of the applicable limit of insurance and greater than $1,000. Therefore, the Plaintiffs were entitled to actual cash value until the replacement cost was complete. Because the replacement home purchased in Hereford, Texas cost $64,000, no sums in addition to the actual cash value were required to be paid.

Plaintiffs, on the other hand, contend that they are entitled to either (1) the full replacement cost of $160,037.48; or (2) the policy limit of $133,350, both sums subject to the $500 deductible. The Company's failure to pay either of those amounts, they argue, constitutes a breach of contract and bad faith, for which they seek compensatory and punitive damages.

According to Plaintiffs, NMSA (1978) § 59A-18-17C controls this case:

> Insurance coverage provided in residential property insurance policies shall provide coverage for the cost to repair or replace without deduction for depreciation. . . .

That provision, they argue means that there can be no deduction for depreciation in any circumstance and that any policy deviation from the statute voids those provisions; specifically, ¶ 2 and its subparts all violate New Mexico public policy.

As authority for their contentions, Plaintiffs argue that New Mexico case law in the area of automobile insurance evidences a strong public policy to provide coverage and that cases will void policy provisions which go against the legislative intent to provide coverage. *See, e.g.*, *Padilla v. State Farm Mut. Auto. Ins. Co.*, 68 P.3d 901, 905 (N.M. 2003) (citing cases).

The court does not find there is anything in the policy at issue that violates New

Mexico's public policy. The automobile insurance cases cited by Plaintiffs all stand for the proposition when the legislature intends adequate liability coverage, insurance policies that contravene that stated intent are void as against public policy. *Id.* There is nothing in this policy that violates § 59A-18-17C, or that requires a windfall to the insured. Indeed, the Administrative Code, attached as Exhibit N to Plaintiffs' Response to Defendant's Motion for Summary Judgment, states in pertinent part:

> A residential property insurance policy that limits an authorized insurer's liability for loss due to a single occurrence to less than replacement cost of a residence, but does not reduce the authorized insurer's liability pursuant to a coinsurance requirement does not violate the provisions of Section 59A-18-17C NMSA 1978, and shall not be construed to require that losses be paid in excess of stated policy limits.

N.M.Admin.Code 13.13.2 (B).

Having considered the parties' submissions and after the oral arguments presented on February 8, 2006, the court finds that summary judgment should be entered in favor of Defendant Colorado Casualty Insurance Company.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Summary Judgment [Doc. 32] is denied; and

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Doc. 34] is granted.

IT IS SO ORDERED.

                                              Richard L. Puglisi
                                     United States Magistrate Judge
                                         (sitting by designation)